IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LINDA KRUPP,
individually and on behalf
of all others similarly situated,
          Plaintiff,

**COMPLAINT**
**JURY DEMAND**

Case No. 14-CV-950

vs.

IMPACT ACQUISITIONS LLC
d/b/a KUBICHECK OFFICE PRODUCTS,
          Defendant.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. This is a collective and class action brought by Individual and Representative Plaintiff Linda Krupp, on her own behalf and on behalf of the members of the proposed classes identified below. Within the relevant statutory period, Plaintiff was employed as a Digital Service Technician by Defendant Impact Acquisitions LLC d/b/a Kubicheck Office Products and was denied overtime wages under illegal pay policies and practices. Under these policies and practices, employees were not paid for all hours worked and were not paid at one and one half times the regular rate for hours worked over 40 hours per week. Plaintiff and putative class members are similarly-situated under FED. R. CIV. P. 23, the Fair Labor Standards

Act (FLSA), 29 U.S.C. §216(b), and Wisconsin law, as they suffered identical wage losses under these illegal pay policies and practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under FLSA, 29 U.S.C. §201, *et seq.*

3. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and because Impact Acqustions LLC d/b/a Kubicheck Office Products has substantial and systematic contacts in this district.

## PARTIES

5. Plaintiff Linda Krupp is an adult resident of Racine, Wisconsin. Ms. Krupp was employed by Defendant during the relevant statutory period. Ms. Krupp's consent form is attached as Exhibit A to this Complaint.

6. Defendant Impact Acquisitions LLC d/b/a Kubicheck Office Products is registered as a foreign business corporation with the Wisconsin Department of Financial Institutions and has its principal office at 953 Northpoint Blvd,

Waukegan, IL 60085. Impact Acquisitions LLC d/b/a Kubicheck Office Products' registered agent for service of process is Rick Ray, 12530 West Burleigh Road, Brookfield, WI 53005.

7. Upon information and belief, Impact Acquisitions LLC d/b/a Kubicheck Office Products owns and operates Impact Networking which has Wisconsin offices at 12530 West Burleigh Road, Brookfield, WI 53005 and 2310 Crossroads Drive, Suite 5600, Madison, WI 53718.

8. Impact Acquisitions LLC d/b/a Kubicheck Office Products will be referred to hereinafter as Impact.

9. Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. §216(b). The **Collective Overtime Class** of similarly-situated employees is defined as:

> All persons who have been or are currently employed by Impact as Digital Service Technicians and who were not compensated at a rate of one and one half times their regular rate of pay for hours worked over forty (40) hours at any time three years prior to the commencement of this lawsuit to the present.

10. Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to FED. R. CIV. P. 23. The **Wisconsin Overtime Class** is defined as:

> All persons who have been or are currently employed by Impact as Digital Service Technicians and who were not compensated at a rate of one and a half times their regular rate of pay for hours worked over 40 at any time two years prior to the commencement of this lawsuit to the present.

11. The Collective Overtime Class and the Wisconsin Overtime Class shall be referred to hereinafter as the "Overtime Classes."

## GENERAL ALLEGATIONS

12. Plaintiff and members of the Collective Overtime Class work or have worked for Impact as Digital Service Technicians within the three years preceding the filing of this complaint

13. Plaintiff and members of the Wisconsin Overtime Class work or have worked for Impact as Digital Service Technicians with the two years preceding the filing of this complaint.

14. Impact's Digital Service Technicians perform duties for Impact's customers that consist primarily or entirely of repair of computer hardware and related equipment.

15. Impact does not maintain complete and accurate time records for Plaintiff or the Overtime Classes.

16. Impact regularly suffers and permits Plaintiff and members of the Overtime Classes to work more than 40 hours in a workweek.

17. Impact fails and refuses to pay Plaintiff and members of the Overtime Classes at an overtime rate for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

18. Plaintiff and the Collective Overtime Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have

been subject to Impact's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the Collective Overtime Class.

19. Plaintiff and the Collective Overtime Class seek relief on a collective basis challenging, among other FLSA violations, Impact's practice of failing to accurately record all hours worked and failing to pay employees overtime compensation for hours worked over 40 in a workweek.

20. The FLSA Section 216(b) Collective Overtime Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Impact. Notice can be provided to the members of the Collective Overtime Class via first class mail to the last address known to Impact and through posting at Impact's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

21. Plaintiff brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Overtime Class for violations occurring on or after the date that is two years prior to the filing of the complaint in this case (the "Wisconsin Class Period").

22. The proposed Wisconsin Overtime Class is so numerous that joinder of all members is impracticable and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such

5

Case 2:14-cv-00950-PP   Filed 08/05/14   Page 5 of 12   Document 1

persons is unknown, upon information and belief, Defendant has employed over fifty (50) people who satisfy the definition of the class.

23. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the class, including but not limited to:

> (a) Whether Impact maintained a common practice of unlawfully failing to pay overtime compensation to the Named Plaintiff and members of the putative class in violation of Wisconsin's wage laws;
>
> (b) Whether the Named Plaintiff and members of the Wisconsin Overtime Class are exempt from overtime compensation under Wisconsin Law;
>
> (c) The nature and amount of compensable work performed by the Named Plaintiff and members of the Wisconsin Overtime Class;
>
> (d) Whether Impact employed the Named Plaintiff and members of the putative class within the meaning of Wisconsin law; and
>
> (e) The nature and extent of class-wide injury and the measure of damages for the injury.

24. The Named Plaintiff's claims are typical of those of the Wisconsin Overtime Class. The Named Plaintiff, like other members of the Wisconsin Overtime Class, was subjected to Impact's illegal pay policies and practice of refusing to pay overtime wages, in violation of Wisconsin law.

25. The Named Plaintiff will fairly and adequately protect the interests of the Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

27. Class certification is appropriate under FED. R. CIV. P. 23(b)(3), because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual members of the Wisconsin Overtime Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Overtime Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Overtime Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

28. The Named Plaintiff intends to send notice to all members of the Wisconsin Overtime Class to the extent required by FED. R. CIV. P. 23.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

29. Plaintiff, individually and on behalf of the Collective Overtime Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

30. Impact is an "employer" within the meaning of 29 U.S.C. §203(d).

31. Impact is an enterprise engaged in commerce within the meaning of 29 USC §203(s)(1).

32. The Named Plaintiff and members of the Collective Overtime Class was or are employees within the meaning of 29 U.S.C. §203(e).

33. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

34. The Named Plaintiff and members of the Collective Overtime Class are not and were not exempt from overtime pay requirements under the FLSA.

35. During the applicable statute of limitations, the Named Plaintiffs and members of the Collective Class performed work in excess of forty (40) hours per week without receiving overtime compensation.

36. Impact violated the FLSA by failing to account for and compensate Plaintiff and members of the Collective Overtime Class at an overtime rate for each hour that each class member worked over forty in each workweek.

37. Plaintiff and the Collective Overtime Class are entitled to damages equal to mandated overtime premium pay within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Impact acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

38. Impact's failure to properly compensate Plaintiff and the Collective Overtime Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff and the Collective Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

39. Alternatively, should the Court find that Impact did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Wages and Overtime

40. The Named Plaintiff, individually and on behalf of the Wisconsin Overtime Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

41. The foregoing conduct, as alleged, violates Wis. Stat. §§103.03 and 109.03, and Wis. Admin. Code §DWD 274.03.

42. At all relevant times, Impact has been and continues to be an "employer" within the meaning of Wis. Stat. §§103.001, 104.01 and 109.01(2).

43. At all relevant times, the Named Plaintiff and members of the Wisconsin Overtime Class were Impact's employees within the meaning of Wis. Stat. §§103.001(5), 104.01(2) and 109.01(1r).

44. Wis. Stat. §103.02 and Wis. Admin. Code §DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

45. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

46. The Named Plaintiff and members of the Wisconsin Overtime Class are not and were not exempt from overtime pay requirements under Wisconsin law.

47. During the applicable statute of limitations, Impact had a policy and practice of failing and refusing to pay overtime wages to the Named Plaintiff and members of the putative Wisconsin Overtime Class for their hours worked in excess of forty (40) hours per workweek.

48. As a result of Impact's willful failure to pay overtime wages earned and due to the Named Plaintiff and members of the Wisconsin Overtime Class, Defendant has violated and continues to violate Wis. Stat. §§103.03 and 109.03, Wis. Admin. Code §DWD 274.03.

49. The Named Plaintiff, on her own behalf of and on behalf of members of the putative Wisconsin Overtime Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Impact, as provided by Wis. Stat. §109.03(6).

50. The Named Plaintiff, on behalf of herself and members of the putative Wisconsin Overtime Class, seeks damages in the amount of the unpaid wages earned and due, as provided by Wis. Stat. §§103.03 and 109.03 and Wis. Admin. Code §DWD 274.03, and any penalties due under Wis. Stat. §109.11, as well as such other legal and equitable relief from Impact's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Linda Krupp, on her own behalf and on behalf of all members of the Collective Overtime Class and the Wisconsin Overtime Class, requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class;

C. An order designating Ms. Krupp as the Named Plaintiff and as representative of the Wisconsin Overtime Class set forth herein;

D. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Impact violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Impact in the amount equal to the Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

H. An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

J. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury.

Dated this 5th day of August, 2014.

               **HAWKS QUINDEL, S.C.**

           By: */s/ Summer H. Murshid*
             Summer H. Murshid, SBN 1075404
             smurshid@hq-law.com
             Larry A. Johnson, SBN 1056619
             ljohnson@hq-law.com
             Timothy P. Maynard, SBN 1080953
             tmaynard@hq-law.com
             Hawks Quindel, S.C.
             PO Box 442
             Milwaukee, WI 53201-0442
             Telephone: (414) 271-8650
             Facsimile: (414) 271-8442
             Attorneys for the Plaintiffs