## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LINDA KRUPP,
Individually and on behalf
of all others similarly situated**,**

       Plaintiff,

     **-vs-**                      **Case No. 14-C-950**

IMPACT ACQUISITIONS LLC
d/b/a KUBICHECK OFFICE PRODUCTS**,**

       Defendant.

## DECISION AND ORDER

Impact Acquisitions LLC ("Impact") has filed a motion (ECF No. 12) pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of this action brought by Plaintiff Linda Krupp ("Krupp"), on behalf of herself and some of Impact's current and former digital service technicians (the Overtime Class and Wisconsin Overtime Class), for failure to state an action. This putative class action alleges that Impact's failure to pay overtime wages violated the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 201-219; and its state counterparts, Wis. Stat. §§ 103.02 and 109.03, and Wis. Admin. Code § DWD 274.03. Impact seeks dismissal of Krupp's individual claims and the class claims.

To survive a motion to dismiss under Rule 12(b)(6), the complaint

must contain sufficient factual allegations that, accepted as true, state a facially plausible claim for relief. *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007). To be facially plausible, the plaintiff must plead sufficient facts to allow a court to draw a reasonable inference that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere possibility is not sufficient, and a complaint that pleads facts that are ""merely consistent with"" a defendant's liability does not rise to the level of facial plausibility required by Rule 12(b)(6). *Id.* (citing *Twombly*, 550 U.S. at 557).

Krupp opposes the motion, asserting that the Complaint puts Impact on notice of the nature of the claims and that no rule or binding authority requires Krupp to plead her claim for unpaid wages with specificity; alternatively, Krupp states that if the Complaint is not adequate the Court should permit her to file her first Amended Complaint, attached as Exhibit T to the declaration of Attorney Larry A. Johnson (the "Johnson declaration"). (Pl.'s Br. Opp'n Dismiss 5.) (ECF No. 14.)

Krupp does not need leave of the Court to file her Amended Complaint. Impact filed its motion to dismiss on September 10, 2014, and the Johnson declaration and first Amended Complaint (ECF Nos. 15, 15-20) were filed on October 1, 2014. Calculating time according to Rule 6(a)(1), there is a 20-day interval between these filings, so the Amended

- 2 -

Complaint was submitted within the time period in which Krupp could amend her Complaint as a matter of course under Rule 15(a)(1)(B), which allows amendment within 21 days after service of a motion under Rule 12(b). Thus, in effect, Krupp's Amended Complaint is the operative complaint. *See French v. Wachovia Bank,* 574 F.3d 830, 835 (7th Cir. 2009).

Moreover, allowing a party to amend a complaint is consistent with the principle that "[a]s a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010). As such, even if Impact were to prevail on its motion to dismiss, the Court would allow Krupp to file an Amended Complaint.

The Amended Complaint moots Impact's challenges to the original Complaint. Moreover, Impact has not addressed the sufficiency of the Amended Complaint which includes facts not alleged in the original Complaint, such as the term of Krupp's employment and additional factual allegations detailing how Impact caused Krupp and members of the proposed classes to regularly work more than 40 hours in a workweek by requiring them to perform training outside of regular work hours. (Am.

- 3 -

Compl. ¶¶ 12, 18, 26-29.) Accordingly, Krupp's Amended Complaint will be filed and Impact's motion to dismiss is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Clerk of Court is **DIRECTED TO FILE** Krupp's Amended Complaint (ECF No. 15-20); and

Impact's motion to dismiss (ECF No. 12) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2015.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 4 -