# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LINDA KRUPP,**

        Plaintiff,

        **vs.**                                  **Case No. 14-C-950**

**IMPACT ACQUISITIONS, LLC,**

        Defendant.

## SCHEDULING ORDER

During the scheduling conference held by telephone in the above-entitled action on November 17, 2015, the plaintiff, appearing by Attorney Summer H. Murshid, and the defendant, appearing by Attorneys Michael J. Cucco and John J. Reid, agreed to the entry of the following order.

**IT IS ORDERED** that:

1. The parties may amend pleadings and add parties on or before October 1, 2015.

2. The plaintiff's motion for conditional class certification must be filed on or before December 1, 2015.

3. The plaintiff's motion for class certification and the defendant's motion for decertification must be filed on or before March 1, 2016.

4. On or before June 1, 2016, the plaintiff must notify the defendant of any expert witnesses the plaintiff may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the plaintiff will be barred from calling such witnesses as experts at trial.

5. On or before July 15, 2016, the defendant must notify the plaintiff of any expert witnesses the defendant may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the defendant will be barred from calling such witnesses as experts at trial.

6. All requests for discovery must be served by a date sufficiently early so that all discovery in this case can be completed no later than August 15, 2016. Neither the pendency of motions nor settlement discussions will affect any of the dates set in this action, and neither will justify delays in the taking of discovery.

7. Dispositive motions must be filed on or before September 15, 2016. When a motion for summary judgment is filed electronically utilizing the Court's Electronic Case Filing system, counsel must also provide this Chambers with a paper copy of the motion, and all accompanying briefs and papers.

8. On April 24, 2017, at 2:00 p.m., the Court will initiate and conduct a final pretrial conference call. Pursuant to Civil L. R. 16(c), each party must serve and file a final pretrial report in compliance with the Pretrial Report Order attached hereto and incorporated herein.

9  This case will be tried to a jury.  This case will be called for trial at 9:00 a.m. on May 8, 2017.  The trial is estimated to last two weeks.

Dated at Milwaukee, Wisconsin this **19th** day of November, 2015.

BY THE COURT:

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

# PRETRIAL REPORT ORDER

**IT IS ORDERED** that each party must file a pretrial report. Reports are due at least 14 days before the scheduled start of the trial or, if a final pretrial conference is scheduled, 7 days before the conference. The report must be signed by the attorney (or a party personally, if not represented by counsel) who will try the case. Sanctions, which may include the dismissal of claims and defenses, may be imposed if a pretrial report is not filed.

The report must include the following:

1. A short summary, not to exceed 2 pages, of the facts, claims, and defenses;

2. A statement of the issues;

3. The names and addresses of all witnesses expected to testify. Any witness not listed will not be permitted to testify absent a showing of good cause;

4. A statement of the background of all expert witnesses listed;

5. A list of exhibits to be offered at trial sequentially numbered according to General L. R. 26 where practicable;

6. A designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence. Reading or playing more than 5 pages from a deposition will not be permitted unless the Court finds good cause;

7. An estimate of the time needed to try the case; and

8. If scheduled for a jury trial:
   a. Proposed voir dire questions (*filed as a separate document*);
   b. A proposed verdict form (*filed as a separate document*); and
   c. Proposed jury instructions (*filed as a separate document; include requested revisions to the Court's standard jury instructions—located at www.wied.uscourts.gov—as well as any additional instructions for the Court's consideration*).

9. If scheduled for a bench trial, proposed findings of fact and conclusions of law. (*See* Fed. R. Civ. P. 52).

In addition to completing a pretrial report, counsel are expected to confer and make a good faith effort to settle the case. Counsel are also expected to arrive at stipulations that will save time during the trial.