IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

LINDA KRUPP, Individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

IMPACT ACQUISITIONS LLC d/b/a
KUBICHECK OFFICE PRODUCTS,

        Defendant.

No. 14 cv 950

---

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE, FOR PROTECTIVE ORDER, AND FOR SANCTIONS.

---

Defendant, IMPACT ACQUISITIONS LLC d/b/a KUBICHECK OFFICE PRODUCTS, by and through its attorney, CASSIDAY SCHADE LLP, files this Memorandum in Support of its Motion to Strike, for Protective Order, and For Sanctions.

### <u>INTRODUCTION</u>

Plaintiff has violated the rules that govern the sending of notice to absent class members and have manipulated the opt-in process in this action in a prejudicial and inappropriate manner. Prior to any order of Court conditionally certifying a class action, Plaintiff sent solicitation letters to absent class members, including current and former employees of Defendant, as well as **<u>notice letters to individuals who are not and have been ever been employed by Defendant</u>** without providing Defendant notice of said correspondence and an opportunity to object to the form or content of the solicitations. This conduct is prohibited and has tainted the collective action process, while simultaneously causing potential damage to Impact Networking, LLC, the employer of the letter recipients who is not a party to this lawsuit. The notice letters and consent

should be stricken, curative notices should be issued, and if the Court conditionally certifies a class, Defendant should be allowed to announce its position to absent class members in an opt-in notice authorized by the Court. Further, Plaintiff and her counsel should be barred from further contact with absent class members without Court supervision. Finally, Plaintiff should be sanctioned for violating Wisconsin Supreme Court rules on solicitation, where the recipients of these correspondences are not and have never been employed by Defendant.

## **<u>BACKGROUND</u>**

Plaintiff, Linda Krupp, filed this action on August 5, 2014 alleging that current and former employees of Defendant worked as Digital Service Technicians and were not compensated for overtime work. *See* Electronic Document 1. An amended complaint was filed on August 24, 2015. *See* Electronic Document 21. Plaintiff seeks to proceed as a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) ("Section 216(b)"), as well as a class action for their claims under Wisconsin State wage and hours law pursuant to Federal Rule of Civil Procedure 23. *See* Electronic Document 21, at ¶9-11. At the time of this filing, no motion for class certification has been filed, and the action is solely with respect to Plaintiff Linda Krupp's FLSA claim against Defendant relating to her employment between June 25, 2012 and July 3, 2014. *See* Electronic Document 21, at ¶12, 18.

On information and belief, counsel for Plaintiff has mailed notice and consent forms to absent class members, including <u>current</u> and former Digital Service Technicians of Defendant, on or around January 25, 2016. Additionally, Defendant has evidence that **<u>Plaintiff has mailed notice and consent forms to individuals who are not and have never been employed by Defendant</u>**; copies of two such notices, mailed to Greg Wassel and Robert Leodoro, who are not and have never been employed by Defendant, are attached as <u>Exhibit A</u>. Defendant was unaware

that Plaintiff had already contacted absent class members (including current and former employees, as well as individuals not employed by Defendant) and solicited opt-in consent forms. At no time has Defendant had any opportunity to review the purported "notice" that went to absent class members, or "notice" that went to individuals who are not employed by Defendant.

Defendant requests that this Court intervene in the Plaintiff's opt-in process, enjoin Plaintiff from communicating further with absent class members, and restore integrity to the opt-in process. Before the Court now is Defendant's Motion to Strike, for Protective Order, and for Sanctions.

## ARGUMENT

**I.     Plaintiff improperly solicited absent class members by denying Defendant the right to review and object to the form and contents of the notice.**

Plaintiffs bringing FLSA collective actions must notify the defendant <u>prior</u> to mailing notice letters and consent forms to absent class members. *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). It is well-settled in the Seventh Circuit that once a suit is filed, a plaintiff must give the defendant an opportunity to review, and object to, notice letters and consent forms before they are sent to absent class members. *See id.*, at 580 (plaintiffs are not authorized to unilaterally send out notice letters of their choice to absent class members. The *Woods* Court stated that

> [b]efore this suit was filed, Woods had sent invitations to other members of the class to join with him, and New York Life does not challenge his right to do this. After suit has been filed, however, **we do not think it would have been proper for Woods or his counsel to have sent out such invitations without first communicating to the defendant's counsel his intention to do so, so that the defendant's counsel would have an opportunity to verify the accuracy of the notice, and, if he wished, to move for an order amending the notice or limiting its distribution in an appropriate manner.**

3

* * *

> Once a section 16(b) action is commenced, the defendant has a vital interest in, and the court a managerial responsibility regarding, the joinder of additional parties plaintiff…

*Id.* at 580 (emphasis added).

District courts in the Seventh Circuit have applied the *Woods* rule to prevent plaintiffs from obtaining an unfair advantage in the collective action process. *See Heitmann v. City of Chicago*, 2004 U.S. Dist. LEXIS 14669 (N.D. Ill. 2004) (striking notice and consent forms "[f]or failing to notify the defendant prior to distribution…"); *see Sjoblom v. Charter Comm., LLC*, 2007 U.S. Dist. LEXIS 93879 (W.D. Wis. 2007) (holding that plaintiffs must first "demonstrate a reasonable basis for believing that [they are] similarly situated to potential class members" <u>before</u> notice is authorized); *see Austin v. CUNA Mutual Ins. Soc.*, 2006 U.S. Dist. LEXIS 3001 (W.D. Wis. 2006) (stating that the "critical inquiry in determining whether a court should exercise its discretion to authorize the sending of notice to potential plaintiffs is whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs.").

On information and belief, Plaintiff has sent out notice letters and consent forms to current and former employees of Defendant. **<u>This belief is based on evidence that Plaintiff has actually solicited individuals who are not and have never been employed by Defendant</u>**. *See* <u>Exhibit A</u>. Plaintiff provided no notice whatsoever to Defendant or to the Court of her intention to send correspondence to current and former employees, or of her intention to solicit individuals who are not and have never been employed by Defendant. *See* <u>Exhibit A</u>. This is the exact type of conduct that the *Woods* Court sought to prevent. *Woods*, 686 F.2d at 580. *Woods* is unequivocal in that it required Plaintiff to involve Defendant in the notice process. They did not. If Plaintiff had, then individuals who are not and have never been employed by Defendant would not be receiving solicitations that run afoul of Wisconsin Supreme Court Rules.

4

Moreover, Plaintiff has made no attempt to meet her burden of demonstrating that the recipients of these unsolicited correspondences are similarly situated for purposes of the class action. This is most obviously demonstrated by the fact that at least two recipients of the unsolicited correspondences have never been employed by Defendant. *See* <u>Exhibit A</u>. With respect to solicitations sent to current and former employees, Defendant has maintained from the start of this lawsuit that Plaintiff did not work any overtime during her employment. There is no evidence at this stage that Plaintiff worked overtime, or that any employee of Defendant, current or former, worked unpaid overtime. Plaintiff is well-aware of Defendant's position, and to date, there has been no effort by Plaintiff to demonstrate that a class action or collective action is even warranted. *See Sjoblom*, 2007 U.S. Dist. LEXIS 93879, at \*24. ("in the first step…the plaintiff must demonstrate a reasonable basis for believing that he is similarly situated to potential class members. If the plaintiff makes that showing, the court conditionally certifies a class, authorizes notice, and the parties conduct discovery"); *see Jones v. Casey's General Stores*, 517 F. Supp. 2d 1080 (S. D. Iowa 2007) (notice to putative collective members in an FLSA action is provided after conditional certification has been approved by the court). Plaintiff breached the rule of *Woods* and the standards required by this Court.

## II.     Plaintiff misrepresented, through omission, information relating to putative class members' rights.

One purpose of the rule that bars plaintiffs from taking notice process into their own hands is to prevent abuses in the collective action process, "such as unapproved, misleading communications to absent class members." *See Belt v. Emcare, Inc.*, 299 F. Supp. 2d 665, 667 (E.D. Tex. 2003); *see Sjoblom*, 2007 U.S. Dist. LEXIS 93879, \*24 ("[a]uthorization of notice serves the broad, remedial purpose of the statute and comports with the court's interest in managing its docket," *citing Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 172-74 (1989)).

5

District Courts have broad authority and the duty to exercise control over collective actions and to enter appropriate orders governing the conduct of counsel and parties. *See Jones*, 517 F. Supp. 2d at 1088. Court control of the process is necessary because when plaintiffs take the collective action process into their own hands and make misrepresentations, the opt-in process is influenced to the detriment of defendants. *See Jones*, 517 F. Supp. 2d at 1086.

In this case, at least two recipients of Plaintiff's notice letters are not even employees of Defendant. There is no legitimate reason why Plaintiff is soliciting individuals who have never been employed by Defendant with notice and consent forms. Moreover, the contents of these correspondences are complete misrepresentations. Wisconsin Supreme Court Rule 20:7.1 and 20:7.3 prohibit "solicitation [that] contains information which is false or misleading…." Wis. SCR 20:7.3 (comment 5); *see also* Wis. 20:7.1 (no communication may contain a material misrepresentation of fact or law, or omit a fact necessary to make the statement considered as a whole not materially misleading). The only lawsuit pending is against Defendant. Individuals who are not employed by Defendant, such as Greg Wassel and Robert Leodoro, will never be eligible to participate in the actions asserted in this case and should not be solicited by counsel for Plaintiff. Plaintiff's counsel has no right to solicit these individuals for purposes of a lawsuit to which they have no practical connection.

With respect to those correspondence sent to current and former employees of Defendant, Plaintiff's notice letter fails to advise the recipient that no collective action class has yet been certified by the Court. The notice letter impermissibly fails to advise the recipient that he or she may choose counsel other than those representing Plaintiff. The notice letter also omits any information regarding Defendant's view of this lawsuit, including the fact that Defendant has denied all material allegations and intends to vigorously defend the case. Defendant has been

6

deprived of the opportunity to add a statement that it has denied the allegations and intends to vigorously defend the action. Such statements ensure fairness in the notice process, integrity to the opt-in forms, and are commonplace. *See Austin*, 2006 U.S. Dist. LEXIS 3001, at *22 (approving the addition of language that explains that defendant "denies that it violated the Fair Labor Standards Act"); *King v. ITT Continental Baking Co.*, 1986 U.S. Dist. LEXIS 29321, at *8 (approving addition of short statement of defendant's primary defense and that potential class members may choose to initiate their own suits or not sue the defendant at all). Defendant should be allowed the opportunity to send absent class members its own correspondence that describes its pleadings, includes statements that Defendant thinks the suit is without merit and will vigorously defend its position, and advised absent class members that they may contact Defendant's counsel if there are questions. *See id.*, at *13-14.

### III. The Court should strike Plaintiff's consent forms and court-approved notice letters should be sent out <u>if</u> the Court conditionally certifies a class.

A court should strike consent forms when the opt-in requirements of 216(b) are not met. *See Harkins v. Riverboat Services, Inc.*, 2002 U.S. Dist. LEXIS 19637 (N.D. Ill. 2002) (striking consents when adding plaintiffs would be untimely; *Heitmann*, 2004 U.S. Dist. LEXIS 14669 (N.D. Ill. 2004) (holding that certain of defendant's objections were well-founded and granting motion to strike plaintiff's notice and consent forms; *see Tate v. Showboat Marina Casino Partnership et al.*, 2002 U.S. Dist. LEXIS 19408 (N.D. Ill. 2002). The same standards and rules that apply to notice letters, apply to consent forms. *See Austin*, 2006 U.S. Dist. LEXIS 3001 (revising notice and consent forms under same standards for accuracy, fairness, and equity). As such, when a party violates rules that are designed to prevent abuses in the collective action process, like the rules from *Woods*, any resulting consent is tainted. *See Jones*, 517 F. Supp. 2d at 1089 (stating that one-sided, misleading communications by plaintiffs with opt-in collective

members "could easily have the effect of tainting the entire putative class and jeopardizing this entire litigation"). Consents procured through misrepresentation and omissions cannot stand. *See Heitmann*, 2004 U.S. Dist. LEXIS 14669, at *9 (the consent process must accord "appropriate respect to the potential plaintiffs' right to elect counsel of their own choosing").

In this matter, the Court should strike all consents procured through Plaintiff's counsel's unsupervised communication to current and former employees who may or may not be similarly situated to Plaintiff. The notice process was not fair to Defendant, nor to the recipients of the unsolicited correspondence, and, therefore, the results are not legitimate. This is especially true where a number of recipients are not and have never been employed by Defendant, and thus have no practical connection to the instant lawsuit. *See* <u>Exhibit A</u>. Plaintiff plainly disregarded the well-established rules controlling the opt-in process. *See Woods*, 686 F.2d at 580; *see also Heitmann*, 2004 U.S. Dist. LEXIS 14669.

For the same reasons, Defendant should be provided the identity of all individuals contacted and be afforded the opportunity to send those individuals who would be eligible to participate in this lawsuit[1] its own correspondence that describes its pleadings, includes statements that Defendant thinks the suit is without merit and will vigorously defend its position, and advised absent class members that they may contact Defendant's counsel if there are questions. Alternatively, new notice forms with court-approval and curative language should be sent to all absent class members, but only if (1) Plaintiff meets her burden of demonstrating that she is similarly situated to absent class plaintiffs; and (2) the Court conditionally certifies the class after briefing on the motion for certification is complete. In this manner, the integrity of the opt-in process will be protected and operate consistent with the Court's reasoning in *Woods*.

---

[1] With respect to recipients who are not and have never been employed by Defendant, Defendant suggests that this Court order that corrective notice be sent to those individuals.

## IV. The Court should bar Plaintiff from further contact with absent class members without court supervision.

Unquestionably, Plaintiff has overreached with its notice and consent solicitations, given that it has sent such solicitations to individuals who are not and have never been employed by Defendant. For obvious reasons, the Court should order counsel for Plaintiff to cease any further solicitation of individuals who were not employed by Defendant. The Court should also order that Plaintiffs and her counsel have no further contact with the absent class members, including current and former employees of Defendant, without notice to Defendant and Court supervision. Courts bar parties from having *ex parte* communications with absent class members when there is a finding that the party abused the rules regarding contact and notice. *See Jones*, 517 F. Supp. 2d at 1086. Courts should base orders limiting communications between parties and potential class members on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). When a party's abuse of the collective action process is already established on the record, there is a sufficient threat of abuse to warrant enjoining the offending party. *See Jones*, 517 F. Supp. 2d at 1089; *see Belt*, 299 F. Supp. 2d at 669.

Plaintiff's abuse on the notice and consent process here is already established on the record. Solicitations were sent to individuals who are not and have never been employed by Defendant. *See* Exhibit A. On information and belief, unsolicited notice letters were sent to current and former employees of Defendant without Defendant's knowledge or input and contained misleading information regarding the instant lawsuit. These letters were sent to individuals who have not been shown to be similarly situated to Plaintiff. These notice letters failed to provide complete information to the recipients regarding the status of this case and their

rights to pursue their own lawsuit or have their own counsel. While unfortunate, named Plaintiff needs to be supervised to protect the integrity of the opt-in process.

### V. Plaintiff should be ordered to reimburse Defendant for its actual fees and costs incurred in bringing this motion, including attorney's fees.

Courts have the authority to impose upon parties and their counsel to remedy unauthorized communications with absent class members. *See Belt*, 299 F. Supp. 2d at 670. Sanctions may include ordering corrective notices, reimbursement to the moving party for costs incurred during the curative notice process, and reimbursement to the moving party for the costs and fees incurred in bringing any motion for relief. *Id.*

Defendant's interests have been significantly impaired in that an unknown number of current and former employees were influenced by misrepresentations by Plaintiff. These misrepresentations were made without Defendant's notice and without Defendant having an opportunity to correct the misrepresentations and prevent the defective notices. More importantly, Impact Networking, LLC, a completely separate corporate entity from Defendant, which is not a party to this lawsuit and whose pay practices have not been called into questioned, has been injured through the unsolicited communications between Plaintiff's counsel and its current employees. *See* Exhibit A.[2] Under the circumstances, judicial intervention is necessary to correct and mitigate this unnecessary invasion of privacy and breakdown of the opt-in process.

### CONCLUSION

This motion is simple and straightforward. Plaintiff did not follow the well-established rules relative to the notice and consent process for 216(b) collective actions and Rule 23 class actions. Indeed, by violating the letter and spirit of the rules, Plaintiff has compromised the

---

[2] On information and belief, Plaintiff has solicited additional current and former employees of Defendant, as well as individuals who are not employed by Defendant. Defendant intends to supplement this motion as its investigation continues.

integrity of the purported collective action and class action and may have prejudiced Defendant's ability to defend certification. The Court should strike Plaintiff's consent forms, permit Defendant the opportunity to send those individuals its own correspondence, authorize curative notices if condition class certification is granted, and bar Plaintiff and her counsel from further unsupervised contact with absent class members. Defendant also requests that this Court enter an appropriate sanction in the form of an order to reimburse Defendant for its actual fees and costs incurred in bringing this motion, including attorney's fees.

Respectfully submitted,

CASSIDAY SCHADE LLP


By: /s/ Alex Campos
One of the Attorneys for Defendant, IMPACT ACQUISITIONS LLC d/b/a KUBICHECK OFFICE PRODUCTS

Michael J. Cucco - ARDC No. 6193983
Alex. E. Campos - ARDC No. 6308699
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax

8132747

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2016, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Eastern District of Wisconsin, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

<u>/s/ Alex E. Campos</u>