IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LINDA KRUPP, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

No. 14 cv 950

IMPACT ACQUISITIONS LLC d/b/a KUBICHECK OFFICE PRODUCTS,

Defendants.

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants, IMPACT ACQUISITIONS LLC, IMPACT NETWORKING INDIANA, LLC, and IMPACT NETWORKING, LLC, by and through their attorneys, Alex E. Campos of Cassiday Schade, hereby move for a protective order to quash Plaintiff's Notice of Deposition for Patrick Roth, or, in the alternative, stay the deposition pending resolution of Plaintiff's motion for conditional certification. In support thereof, Defendants state as follows:

1. On August 6, 2014, Plaintiff, Linda Krupp, a Wisconsin resident, filed this lawsuit seeking recovery for unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA).

2. Plaintiff filed a motion for conditional certification and court-authorized notice, requesting that this matter be certified as a collective action under section 216(b) of the FLSA. *See* Motion, ECF 39. Defendants deny that a collective action is appropriate. Plaintiff's motion for conditional certification remains pending.

3. On February 3, 2016, Plaintiff filed a notice of consent for Wendell Walton, an Indiana resident, who desired to join this lawsuit. *See* Notice of Filing Consent, ECF 37. At all times relevant, Mr. Walton was employed by Impact Networking Indiana, LLC.

4. On May 19, 2016, with Plaintiff's motion for conditional certification pending, Plaintiff issued Notices of Deposition to John Summer and Patrick Roth. These depositions were unilaterally noticed for June 29, 2016 and June 30, 2016 without prior consultation with Defendants as to the availability of their attorneys or the witnesses themselves.

5. In her discovery responses and deposition testimony, Plaintiff identified Mr. Summer as her supervisor, and identified him as having knowledge of her claim.

6. At all times relevant, Mr. Roth worked for Impact Networking Indiana LLC, and did not have any involvement in supervising Plaintiff. At no time during her deposition did Plaintiff reference Mr. Roth, and she has not identified him as an individual with knowledge of her claim. To date, neither party had identified Mr. Roth as a trial witness.

7. On June 21, 2016, Defendants advised that they would produce Mr. Summer on July 21, 2016 and advised that Mr. Roth would not be produced unless the Court authorized the collective action.

8. On June 27, 2016, following an exchange of emails, the parties met and conferred via telephone regarding the deposition of Mr. Roth. Defendants reiterated their position that if a collective action was authorized, that they would produce Mr. Roth for deposition. However, in light of Mr. Roth's non-involvement in Plaintiff's claim, Defendants would not produce him for deposition at this time. Plaintiff declined to provide a basis for why Mr. Roth's deposition was relevant to Plaintiff's claim, and instead threatened to file a motion to compel his deposition.

9. Federal Rule of Civil Procedure 26 allows for discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

10. To date, there is no evidence that Mr. Roth is relevant to Plaintiff's claim. Plaintiff herself has not identified Mr. Roth as having any knowledge of her claim. Neither Plaintiff nor

Defendants have identified Mr. Roth as a trial witness. Mr. Roth has absolutely no connection to Plaintiff's claim, and there is no reason that Defendants should be compelled to spend time and money presenting Mr. Roth for deposition at this time.

11. Based on the threat of a motion to compel, Defendants now move for a protective order to quash the deposition of Mr. Roth, or, in the alternative, to stay the deposition pending resolution of Plaintiff's motion for conditional certification.

WHEREFORE, for the foregoing reasons, Defendants, IMPACT ACQUISITIONS LLC d/b/a KUBICHECK OFFICE PRODUCTS, respectfully requests that this Honorable Court grant their motion and quash Plaintiff's Notice of Deposition for Patrick Roth, or, in the alternative, stay the deposition pending resolution of Plaintiff's motion for conditional certification.

Respectfully submitted,

**CASSIDAY SCHADE LLP**

By: /s/ Alex E. Campos
Alex E. Campos, ARDC 6308699
acampos@cassiday.com
CASSIDAY SCHADE LLP
20 N. Wacker Drive, Suite 1000
Chicago, IL 60606
Telephone: (312) 444-1661
Facsimile: (312) 444-1669
Attorney for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2016, I electronically filed the foregoing document with the clerk of the court for the Eastern District of Wisconsin, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Alex E. Campos

8269605