DocuSign Envelope ID: 5EE2B051-ACCB-41CC-829A-D7DE4BC015F9

## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Linda Krupp ("Named Plaintiff"), both individually and on behalf of the Collective Class Members ("Opt-Ins"), collectively ("Plaintiffs"), and Impact Networking, LLC, Impact Networking Indiana, LLC, and Impact Acquisitions, LLC d/b/a Kubichech Office Products (collectively "Impact").

## Recitals

WHEREAS, a dispute exists between Plaintiff and Impact that resulted in Plaintiff filing a lawsuit in the United States District Court for the Eastern District of Wisconsin (the "Court"), titled *Linda Krupp v. Impact Acquisitions, et al.,* Case No. 14-cv-950, alleging: Impact did not pay Plaintiff and the Collective Class overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA"), (the "Lawsuit");

WHEREAS, Impact denies all material allegations and claims asserted in the Lawsuit;

WHEREAS, the Parties desire to resolve this matter and avoid the ongoing costs, risks, and delays associated with litigation; and

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

I. **General Terms of Settlement**

　　A.　In exchange for the Releases of Claims and other promises contained herein, Impact will, in accordance with the manner and timing provided for below, make payments as identified in Section III below in accordance with Exhibit A to this Agreement.

　　B.　Named Plaintiff understands and acknowledges that although Impact is entering into this Agreement and making the payments hereunder, Impact does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind and expressly denies the same.

II. **Release of Claims, Acknowledgments, and Agreement to Cooperate**

　　A.　Named Plaintiff General Release of Claims.

1

DocuSign Envelope ID: 5EE2B051-ACCB-41CC-829A-D7DE4BC015F9

Named Plaintiff Linda Krupp irrevocably and unconditionally release forever, with prejudice, Impact, Frank Cucco, Dan Meyer, Thomas Pieters, Nick Cosmano, Doug Gamache, Bryan Bechner, Michael Borchew, Frank DeGeorge, Jeremy Fordemwalt, Patrick Layton, Wayne Erickson, Mary Zellers, Lecia Savitski, Todd Flasch, James Cucco, and Heidi Cucco, both individually and in their representative capacities ("Releasees") from any and all complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, suits, rights, demands, costs, losses, debts, interest, and expenses (including attorney fees and costs actually incurred) of any nature, known or unknown, suspected or unsuspected, arising out of her employment, the termination of that employment, and the execution of this Agreement, up to the date of Court approval of this Agreement, including, but not limited to, all contract and tort rights, as well as claims arising under, by way of illustration and not limitation, the following federal laws, and their counterparts at state, local, and common law: Fair Labor Standards Act of 1938, as amended; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act, as amended; the Civil Rights Enforcement Statutes; the Employee Retirement Income Security Act of 1974; the Worker Adjustment and Retraining Notification Act; the Family and Medical Leave Act; and the National Labor Relations Act.

B. Opt-In Plaintiff Release of Claims.

Upon Court approval of this Settlement Agreement, and signature of the attached Exhibit B by each Opt-In Plaintiff, Brett Armbruster, Guy Lang, Gerald Lee, Randall Peterkort, Dale Pumala, Nickolas Torres and Wendall Walton shall be deemed to have released their FLSA, and respective state law, claims for alleged unpaid overtime wages resulting from Impact's pay practices as alleged in the Plaintiffs' Second Amended Complaint, all of which claims have been denied by Impact. The release period for those claims deemed to have been released is August 5, 2011 through the date of approval of this Agreement by the Court.

C. Acknowledgments and Agreement to Cooperate.

Named Plaintiff and Opt-in Plaintiffs acknowledge and agree that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of back overtime wages; liquidated damages; and legal fees. Named Plaintiff and Opt-in Plaintiffs further agree that this settlement represents fair and reasonable compensation for the disputed claims as released above. Named Plaintiff and Opt-in Plaintiffs further acknowledge and agree that they

have been given sufficient time to read this Agreement and the corresponding Exhibits prior to their execution of it, understand their terms, and have consulted with Hawks Quindel, S.C. about the legal effects of this Agreement. Plaintiff and Opt-in Plaintiffs agree to comply with Section V pending Court approval of the Settlement Agreement and, assuming such approval is granted, at all times thereafter. Finally, Plaintiff and Opt-in Plaintiffs agree to direct their counsel, Hawks Quindel, S.C. to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorize Hawks Quindel, S.C. to cooperatively work with Impact to seek judicial approval of this agreement, including preparation of court required pleadings.

III. **Settlement Payments**

   A. Settlement Fund.

   As consideration for the releases in Section II above, Impact shall pay $40,000 (the "Settlement Fund"). This Settlement Fund is inclusive of claimed back pay damages, liquidated damages, and enhancement payments to the Named Plaintiff and Opt-In Plaintiff Wendall Walton. If the Settlement Agreement is not approved by the Court, Impact will cease to have any obligation to pay or provide any portion of the Settlement Fund, and this matter will move forward with litigation.

   B. Allocation of the Settlement Fund.

   1. Enhancement Payments - $4,000.00 of the Settlement Fund shall be allocated as enhancement payments to Named Plaintiff and Opt-In Plaintiff Wendall Walton in recognition of their extensive participation in the discovery process, their deposition testimony, and the assistance they provided Plaintiffs' Counsel in bringing this matter to resolution. Named Plaintiff Krupp shall receive $3,000 and Opt-In Plaintiff Walton shall receive $1,000. Impact will issue an IRS Form 1099 to the individuals receiving enhancement payments. As a condition precedent to these payments, Named Plaintiff Krupp and Opt-In Plaintiff Wendall Walton each shall submit an IRS Form W-9 to Impact, signed and dated in 2017.

   2. Settlement Class Fund – The remaining $36,000 of the Settlement Fund shall be distributed on a pro rata basis as provided in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to all applicable tax withholdings (*i.e.*, the following taxes will be

3

withheld: Federal income taxes at the 25% rate for supplemental wages, plus FICA, Medicare, and state and local income taxes, if applicable). Impact will report the unpaid wages portion on an IRS Form W2 to each Plaintiff. One-half shall be attributed to liquidated damages for which each Plaintiff will receive an IRS Form 1099 from Impact. As a condition precedent to these payments, Plaintiffs each shall submit an IRS Form W-9 to Impact, signed and dated in 2017.

C. Attorneys' Fees and Costs

1. Attorneys' fees – Impact shall pay $90,000 to Plaintiffs for attorneys' fees. Impact will issue an IRS Form 1099 associated with this payment. As a condition precedent to this payment, Hawks Quindel, S.C. shall submit an IRS Form W-9 to Impact, signed and dated in 2017.

2. Costs – Impact shall pay $17,500 for costs incurred as a result of this litigation. Impact will issue an IRS Form 1099 associated with this payment. As a condition precedent to this payment, Hawks Quindel, S.C. shall submit an IRS Form W-9 to Impact, signed and dated in 2017.

IV. **Settlement Approval Process.**

A. Approval of Settlement.

The Parties will file with the Court, by June 30, 2017, a Joint Motion for Approval of Settlement and a Proposed Order Approving Settlement and Dismissing this case with prejudice. Plaintiffs' Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the Motion for Approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.

B. Settlement Administration.

If the Court grants approval of this Settlement Agreement, the settlement will be administered by Plaintiffs' Counsel. The Parties agree to the following procedure for settlement administration:

1. Settlement Allocations. Individual settlement payments shall be made in the amounts set forth in Exhibit A. Each check will indicate that it is void after 180 days.

2. Payment schedule. Within 21 days of the Court's Order Approving the Settlement, Impact will deliver to Plaintiffs' Counsel the Settlement Checks as described in Section III and on Exhibit A. By delivery of the Settlement Checks to Hawks Quindel Impact will be considered to have satisfied all obligations to tender payment to Plaintiff and the Opt-in Plaintffs. Within seven days of receiving these checks, Plaintiffs' Counsel will mail them to the class members.

   If a check is returned undeliverable, Plaintiffs' Counsel shall take other appropriate steps to identify proper current addresses for the Plaintiff. If, after a first and second mailing of the check, it is returned by the postal service as undeliverable, the unclaimed funds shall be reallocated to the other Opt-In Plaintiffs.

## V. Publication

The Parties agree they will seek Court approval of this Settlement Agreement and the terms, conditions and amounts of settlement will be available in the public record. Plaintiffs agree that they will not issue a press release on this matter.

Named Plaintiff and Opt-in Plaintiffs agree to instruct their Counsel, Hawks Quindel, S.C. not to issue a press release on this matter.

## VI. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VII. Entire Agreement

This document and its Exhibits constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Named Plaintiff and Opt-in Plaintiffs expressly acknowledge that they are not relying on advice from anyone from Impact, including Impact's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## VIII. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## IX. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

6/28/2017
_____
Dated

*DocuSigned by:*
*Linda Krupp*
―D1017EA5394243F...
_____
Linda Krupp on behalf of herself and the Collective Class

_____
Dated

_____
Impact Acquisitions, LLC

By its: _____

_____
Dated

_____
Impact Networking, LLC

By its: _____

_____
Dated

_____
Impact Indiana, LLC

By its: _____

6

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

IX. **Counterparts**

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____  _____
Dated                     Linda Krupp on behalf of herself and
                          the Collective

                          _____
6/29/2017                 Impact Acquisitions, LLC
Dated
                          By its: CEO

6/29/2017                 _____
Dated                     Impact Networking, LLC

                          By its: CEO

6/29/2017                 _____
Dated                     Impact Indiana, LLC

                          By its: CEO

6

EXHIBIT A TO SETTLEMENT AGREEMENT

| LAST NAME | FIRST NAME | PRO RATA % | SERVICE PAYMENT (1099) | W2 PAYMENT | 1099 PAYMENT | TOTALS |
|---|---|---|---|---|---|---|
| Krupp | Linda | 5.73% | $3,000.00 | $1,031.26 | $1,031.26 | $5,062.52 |
| Walton | Wendell | 4.65% | $1,000.00 | $837.13 | $837.13 | $2,674.26 |
| Torres | Nicholas | 5.41% | | $974.44 | $974.44 | $1,948.88 |
| Armbruster | Brett | 9.10% | | $1,638.10 | $1,638.10 | $3,276.20 |
| Lang | Guy | 11.20% | | $2,015.56 | $2,015.56 | $4,031.12 |
| Lee | Geff | 7.70% | | $1,385.76 | $1,385.76 | $2,771.52 |
| Peterkort | Randy | 52.82% | | $9,508.32 | $9,508.32 | $19,016.64 |
| Pumala | Dale | 3.39% | | $609.43 | $609.43 | $1,218.86 |
| | TOTALS | 100.00% | $4,000.00 | $18,000.00 | $18,000.00 | $40,000.00 |

| | |
|---|---|
| Attorneys' Fees | $90,046.85 |
| Costs | $17,453.15 |
| TOTAL SETTLEMENT | $147,500.00 |

| | |
|---|---|
| CLASS SETTLEMENT | $40,000.00 |
| LK SERVICE PAYMENT | $3,000.00 |
| WW SERVICE PAYMENT | $1,000.00 |
| NET TO CLASS | $36,000.00 |
| ATTORNEYS' FEES | $90,046.85 |
| COSTS | $17,453.15 |
| TOTAL SETTLEMENT | $147,500.00 |

## General Release of Claims

_____ ("Employee") filed an opt-in consent form joining a lawsuit in the United States District Court for the Eastern District of Wisconsin against Impact Networking, LLC, Impact Networking Indiana, LLC, and Impact Acquisitions, LLC d/b/a Kubichech Office Products (collectively "Employer"), titled *Linda Krupp v. Impact Acquisitions, et al.,* Case No. 14-cv-950 (the "Lawsuit"). In the Lawsuit, Krupp, and the other individuals who joined (collectively, "Plaintiffs") alleged Employer improperly compensated them under state and/or federal wage and hour laws.

Whereas Employer maintains it did not violate Plaintiffs' rights under any federal, state, or local law.

Whereas Employer and Plaintiffs agreed in mediation to resolve the Litigation.

Whereas Section II.B of the Settlement Agreement & Release regarding the Litigation requires Employee to enter into a separate release of state law claims in exchange for the amounts payable to Employee.

Now, therefore, Employee and Employer hereby agree as follows:

1. Employer shall provide Employee a payment as set forth in the Settlement Agreement & Release in the above-entitled Lawsuit.

2. Employee acknowledges that he/she has read and understands the Settlement Agreement & Release, and that s/he agrees to be bound by all terms set forth in the Settlement Agreement & Release, which is incorporated by reference into this General Release of Claims as <u>Exhibit A.</u>

3. In consideration of the above, to which Employee is not otherwise entitled and the adequacy and sufficiency of which s/he expressly acknowledges, Employee agrees to take all actions required by the Settlement Agreement & Release.

4. Employee further and voluntarily agrees to forever release and waive any and all FLSA and state law overtime wage claims, arising out of Employer's practices, as described in Plaintiff's Second Amended Complaint, the period for those claims deemed to have been release being August 5, 2011 through the date of approval of the Settlement Agreement & Release by the Court.

5. Neither party admits to any wrongdoing or illegal act by entering into this General Release of Claims.

_____    Date: _____

**On Behalf of Employer:**

_____    Date: _____

By its: _____